Because I disagree with the majority's definition of an "agreed sentence" in the context of R.C. 2929.08(D), I would dismiss Gray's appeal.
Gray claims that because he did not enter into an "agreed sentence," we must review the prison term imposed by the sentencing court. However, R.C. 2953.08(D), which Gray attempts to avoid, states that a sentence is not subject to review if it "has been recommended jointly by the defendant and the prosecution." The reason is simple enough — if the defendant and the state recommend the sentence, the court is relieved of the obligation to articulate the statutory sentencing considerations required by R.C. Chapter 2929 and State v. Edmonson.[14]
In its decision, the majority puts Gray's sentence directly within the scope of R.C. 2929.08(D) "Gray and the state agreed that the trial court would have the discretion to sentence Gray to a term or imprisonment between four and eight years," and "Gray agreed to a range of four to eight years of imprisonment." (Emphasis supplied.) Nonetheless, the majority holds that despite the agreed nature of the sentence, it was not an "agreed sentence" because Gray and the state did not specify a particular sentence. This is a distinction without a difference. Clearly, Gray and the state signaled to the court their agreement to any specific sentence within the range of four to eight years.
We require literal compliance with R.C. Chapter 2929.[15] The majority here, however, is not satisfied with the literal terms of the statute. Nowhere does R.C. 2953.08(D) say, as the majority holds, that the defendant and the prosecution must jointly agree on a specific prison term. A literal interpretation of R.C. 2929.08(D) does not prohibit the defendant from presenting the sentencing court within an agreed range from which the court, in its discretion, may select a specific sentence.
Therefore, I would dismiss Gray's appeal under R.C. 2953.08(D).
[14] Edmonson, supra.
[15] See State v. Giles, 1st Dist. No. C-010582, 2002-Ohio-3297.